UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

August 4, 2009

MEMO TO COUNSEL RE:  180s, Inc., et al. v. Gordini U.S.A., Inc.
Civil No. JFM-08-177

Dear Counsel:

I have reviewed the papers submitted in connection with defendant's motion for leave to amend its responsive pleading to include additional counterclaims.[1]

The motion is denied on the ground of futility.  In light of the fact that defendant asserts in his proposed counterclaims that plaintiff denied practicing only one of the seventeen patents (patent "483") listed on Exhibit B to defendant's motion, the doctrine of "conditional marking" applies.  As such, the statements are not deceptive and do not constitute false markings.

I have considered defendant's argument that the "perverse" consequence of plaintiff's contention is that even if plaintiff did not practice sixteen of the seventeen patents listed on Exhibit B, the conditional marking doctrine would protect plaintiff from liability because the statement would be literally true.  The short answer to this argument is that theory must ultimately yield to facts.  I agree with defendant that at some point (that I need not now define) a literally true statement of potential patent coverage could become deceptive and the conditional marking doctrine not apply if a manufacturer represents that its product is covered by many patents when, in fact, it clearly is not covered by some or many of the patents because the manufacturer does not practice them.  Here, however, defendant has alleged only that plaintiff has not practiced one of the seventeen listed patents and therefore, as alleged, plaintiff's claims are not legally viable.  *Cf. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge

---

[1] Defendant concedes in its reply memorandum that it lacks standing to assert one of its proposed additional counterclaims, a claim under the Maryland Consumer Protection Act.