# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | | |
|---|---|---|
| 180S, INC. and 180S, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | No.: 1:08-cv-00177-JFM |
| | ) | |
| v. | ) | Judge J. Frederick Motz |
| | ) | |
| GORDINI U.S.A., INC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GORDINI'S
EXPERT DISCLOSURE STATEMENT**

Pursuant to Fed. R. Civ. P. 26(a)(2), Defendant Gordini U.S.A. Inc. ("Gordini") hereby discloses the identity of Dr. James H. Oliver as a person it has retained to give expert testimony on subjects including the patents-in-suit, prior art, claim construction, non-infringement, and invalidity, in this matter, e.g., in a Markman hearing and at trial, along with the areas of his expertise. Gordini reserves the right to name additional experts. Gordini also reserves the right to rely on testimony of other parties' experts, if any, and to present experts to rebut testimony of other parties' experts.

Dr. James H. Oliver holds a Ph.D. in Mechanical Engineering from Michigan State University, a Masters in Mechanical Engineering from Michigan State University, and a Bachelors in Mechanical Engineering from Union College. Generally, his areas of expertise are in the fields of mechanical design and product development processes. *See* Dr. Oliver's initial written report (Document 115-7) and *curriculum vitae* (Document 115-8) for further details.

Dr. Oliver's initial written report (Document 115-7) and *curriculum vitae* (Document 115-8) were filed with this Court on February 16, 2010, as exhibits to Defendant Gordini's Initial

Markman Claim Construction Brief (Document 114).  Gordini reserves the right to supplement Dr. Oliver's initial written report.

Further to Fed. R. Civ. P. 26(a)(2)(B), Dr. Oliver's initial written report (Document 115-7) contains:

(i) a complete statement of all opinions, as of this date, that he will express and the basis and reasons for them;

(ii) reference to data or other information considered by the witness in forming them;

(iii) reference to exhibits that will be used to summarize or support them (*see* below); and

(iv) the witness's qualifications, including a list of publications authored in the previous 10 years (*see* Dr. Oliver's *curriculum vitae*, Document 115-8).

Further to Fed. R. Civ. P. 26(a)(2)(B)(iii), above, Dr. Oliver's initial written report (Document 115-7) references exhibits, which already have been filed with the Court, that he used and/or will use to summarize or support them:

- U.S. Patent 6,978,483 ('483 patent) (Document 115-1);
- U.S. Patent 7,212,645 ('645 patent) (Document 115-2);
- U.S. Patent D545,001 ('001 patent) (Document 115-3);
- Gordini's '483 patent claim construction (Documents 115-4 and 115-9);
- Gordini's '645 patent claim construction (Documents 115-5 and 115-9);
- Gordini's '001 patent claim construction (Documents 115-6 and 115-9);
- '483 Video (on a CD filed with the Court) (also referenced in Document 115-10);

- '645 Video (on a CD filed with the Court) (also referenced in Document 115-10);

- '001 Video (on a CD filed with the Court) (also referenced in Document 115-10);

- Lobz Video (on a CD filed with the Court) (also referenced in Document 115-10);

- US 4,542,803 to Houng (Document 115-11);

- 180s' February 2, 2010 Letter re claim construction of '483 and '645 patents (Document 115-12);

- US 6,888,950 to Siskin, et al. (Document 115-14);

- Office action from the United States Patent and Trademark Office to 180s, mailed March 3, 2006 (Document 115-15);

- 180s' July 31, 2006 response to March 3, 2006 Office action (Document 115-16); and

- 180s' response to Gordini's Sixth Set of Interrogatories (including its exhibit A) (Document 115-18).

Additionally, Dr. Oliver in his preparation of his initial written report considered the prosecution histories for all three patents-in-suit, prior art and contentions.

Pursuant to Fed. R. Civ. P. 26(a)(2)(B)(v), Dr. Oliver's initial written report (Document 115-7) does not include "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," because he has not been a witness in any case in the previous 4 years.

Pursuant to Fed. R. Civ. P. 26(a)(2)(B)(vi), Dr. Oliver's initial written report (Document 115-7) does not address "a statement of the compensation to be paid for the study and the testimony in this case." The undersigned states that Dr. Oliver's compensation is $300/hour for his study and testimony in this case.

3

Respectfully submitted,

Dated: February 19, 2010      /s/ Allison M. Williams

Robert H. Smeltzer
Lowis & Gellen LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
Telephone: (312) 364-2500
Fax: (312) 364-1003

Patrick R. Buckler
Spence & Buckler, P.C.
100 West Pennsylvania Ave.
Suite 301
Towson, Maryland 21203
Telephone: (410) 823-5003
Fax: (443) 927-8905

Richard P. Beem
Allison M. Williams
Beem Patent Law Firm
53 W. Jackson Blvd., Suite 1352
Chicago, IL 60604
Telephone: (312) 201-0011
Fax: (312) 201-0022

ATTORNEYS FOR
DEFENDANT GORDINI,
U.S.A., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February 2010, a copy of the foregoing DEFENDANT GORDINI'S EXPERT DISCLOSURE STATEMENT was served via electronic mail, per agreement between counsel, on the following:

> Jonathan G. Graves
> Cooley Godward Kronish LLP
> One Freedom Square
> Reston Town Center
> 11951 Freedom Drive
> Reston, VA  20190-5656
> jgraves@cooley.com

_____
Allison M. Williams